Erwin, 7 Tex. App. 288; Ex parte Hobbs, 32 Tex. Cr. R. 319, 22 S. W. 1035, 40 Am. St. Rep. 782; Ex parte Walton, 45 Tex. Cr. R. 76, 74 S. W. 314; Ex parte Richie, 177 S. W. 85, recently decided, and many other authorities.

It is therefore the order of this court that this attempted appeal be dismissed for want of jurisdiction in this court; and it is further ordered that the clerk of this court transmit without delay to the sheriff of Uvalde county a certified copy of this judgment of dismissal for the information and guidance of that officer.

Ordered accordingly.

---

### HART v. STATE. (No. 3651.)

(Court of Criminal Appeals of Texas. June 25, 1915.)

INTOXICATING LIQUORS ☞238 — CRIMINAL PROSECUTIONS—QUESTIONS FOR JURY.

Where, on a trial for violating the prohibition law, a witness swore positively that he purchased a bottle of whisky from accused and paid him therefor, while accused denied making the sale, there was a question for the jury.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 324–330; Dec. Dig. ☞238.]

Appeal from Johnson County Court; B. Jay Jackson, Judge.

Tom Hart was convicted of violating the prohibition law, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of violating the prohibition law in Johnson county, Tex., from which judgment he prosecutes this appeal; the only assignment of error being that the evidence is insufficient to support the verdict.

S. Gordon swears positively to purchasing a bottle of whisky from appellant, and says he paid him for it. It is true appellant denies making the sale, but this was a question for the jury.

The judgment is affirmed.

---

### HART v. STATE. (No. 3652.)

(Court of Criminal Appeals of Texas. June 25, 1915.)

INTOXICATING LIQUORS ☞236 — CRIMINAL PROSECUTIONS—SUFFICIENCY OF EVIDENCE.

On a trial in 1915 for unlawfully selling intoxicating liquors on or about January 1, 1915, the state proved that prohibition was in force in the county under an election held in 1904. A witness testified positively to the sale to him by accused of whisky in 1915, and that "I bought said whisky this year. This year is 1904." Held, that the evidence supported a verdict of guilty, as it was clear that the witness intended 1915, and not 1904, and no one could have understood otherwise.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. ☞236.]

Appeal from Johnson County Court; B. Jay Jackson, Judge.

Tom Hart was convicted of unlawfully selling intoxicating liquors, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. On March 11, 1915, the grand jury indicted appellant for unlawfully selling intoxicating liquors to Emmett Williams on or about January 1, 1915. The case was on the same day properly transferred to the county court, and he duly tried on March 17, 1915. He was convicted, and his punishment assessed at 60 days in jail and a fine of $100.

The state proved that prohibition was properly in force in said county under an election, etc., in 1904, and this was also admitted. Said Williams, after testifying positively to the sale to him by appellant of a half pint of whisky in 1915, said: "I bought said whisky this year. This year is 1904." The only other witness was appellant himself, who testified: "I never sold Emmett Williams a half pint of whisky, or any amount of whisky, in my life."

By the charge the court required the jury to believe from the evidence beyond a reasonable doubt that appellant "did on or about the 1st day of January, in Johnson county, Tex., sell intoxicating liquor to one Emmett Williams as charged in the indictment," etc., before they could convict him; also the presumption of innocence and reasonable doubt. In addition, he gave appellant's special charge that, if they believed said Williams purchased the whisky testified to by him from appellant, "in the year 1904," to acquit him. The only point in the case is based on said Williams' testimony quoted above. It seems clear that, when the witness said "this year is 1904," he meant and intended 1915, and no one could have understood otherwise. At any rate, under the pleadings, evidence, and charge of the court, the verdict is neither contrary to the law, nor to the evidence, which are the only grounds of his motion for new trial.

The judgment is affirmed.

---

### McDEVITT v. STATE. (No. 3638.)

(Court of Criminal Appeals of Texas. June 23, 1915.)

CRIMINAL LAW ☞1114—RECORD—BILL OF EXCEPTIONS.

Where the record contains no bill of exceptions or statement of facts, there is nothing presented in the motion for new trial for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2918–2921; Dec. Dig. ☞1114.]

Appeal from Bexar County Court; Nelson Lytle, Judge.

Ed. P. McDevitt was convicted of unlawfully taking and driving a vehicle, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted under an information charging him with unlawfully taking and driving a vehicle belonging to P. J. Kelley, and his punishment assessed at six months' imprisonment in the county jail.

As the record contains neither a statement of facts nor any bill of exception, there is nothing presented in the motion for a new trial to review.

The judgment is affirmed.

---

FORD v. STATE. (No. 3646.)

(Court of Criminal Appeals of Texas. June 23, 1915.)

HOMICIDE  300 — INSTRUCTIONS—SELF-DEFENSE.

Where the court instructed as to self-defense, without any limitation as to provocation of difficulty, it was not error to refuse a request that defendant, on seeking deceased for a peaceable settlement, had a right to arm himself, if he thought deceased might make an assault on him, in view of the undisputed evidence that defendant shot and killed one of deceased's sons, had shot another son of deceased and put out both his eyes, that the deceased had shot the defendant in the face and put out his eye, and that defendant had shot at deceased and thought that he had wounded him, and so believed until the defendant shot and killed deceased, and that, when defendant caught sight of deceased, he got his gun and pursued deceased until deceased turned and, as claimed by defendant, put his hand in his pocket.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 614, 616–620, 622–630; Dec. Dig.  300.]

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

Shelby Ford was convicted of murder, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of murder; the jury assessing 45 years in the penitentiary as his punishment.

There is no bill of exceptions in the record. We have carefully read the evidence and from the state's side, by several witnesses, the offense of murder is unquestionably shown to have been committed, as charged in the indictment, by appellant. We deem it unnecessary to recite the evidence.

The appellant requested the court to charge that he had the right to approach deceased and demand a peaceable settlement of their difference, and if he had reason to believe and did believe that deceased might make an unreasonable attack upon him, or attempt to carry out his threat to kill him, he had the right to arm himself and thus seek the appellant. The court refused this charge, stating, as his reasons for refusal, the following:

"First. Because the court in the general charge 'does not limit defendant's right of self-defense by any charge on provoking the difficulty, but gives him the perfect right of self-defense on every defensive theory.' See Branch's Cr. Law, 442; Williford Case, 38 Tex. Cr. R. 396, 42 S. W. 972. Second. Because such a charge in the shape requested by defendant should not be given when the undisputed evidence shows that the defendant had shot and killed one of deceased's sons, had shot another son of the deceased and put out both his eyes, that the deceased had shot the defendant in the face and put out his eye, and that defendant had shot at deceased and thought he had wounded him, and so believed until the defendant shot and killed the deceased; and, when the undisputed evidence by both sides shows that when the defendant caught sight of deceased on the highway, he went for his gun, loaded it with buckshot, and pursued deceased until he, as claimed by defendant, turned and faced his pursuer (if he did so) or put his hand in his pocket while thus pursued by defendant, and defendant thereupon killed him. To give such a charge when the court had not charged on defendant's provoking the difficulty, or producing the occasion, but, on the other hand, gave him the perfect, unlimited right of self-defense on his own theory—to have given him this charge would be inexcusable."

The court's action was correct, as has been repeatedly and uniformly held by this court. Williford v. State, 38 Tex. Cr. R. 392, 42 S. W. 972; Fox v. State, 71 Tex. Cr. R. 322, 158 S. W. 1143; Carey v. State, 167 S. W. 366.

The judgment is affirmed.